### CONSUMERS DISTRIBUTING COMPANY *v.* JEFFS.

[No. 10,804.    Filed April 27, 1921.]

JUDGMENT.—*Default Judgment.—Motion to Set Aside.—Sufficiency.*—A motion to set aside a default judgment which was based on the ground that defendant's director having control of the case was too ill to give the case attention, and that defendant had an understanding that a certain law firm would appear for it but failed to do so, *held* insufficient to warrant the trial court setting aside the default.

From Washington Circuit Court; *William H. Paynter,* Judge.

Action by Dennis L. Jeffs against the Consumers Distributing Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*White & Jones,* for appellant.
*Elliott & Houston,* for appellee.

This action was instituted by Dennis L. Jeffs against the Consumers Distributing Company. The complaint

consisted of three paragraphs as follows: (1) For merchandise sold and delivered by the plaintiff to the defendant; (2) for rent of store building; and (3) for commission for selling a quantity of plaintiff's capital stock. Summons was duly served. A firm of lawyers residing at Indianapolis had its name entered on the docket, thereby indicating that it was representing the defendant. The court ruled the defendant to answer, but no answer was filed. The defendant was called and defaulted. The court heard the evidence and thereupon found that there was due the plaintiff from the defendant $440.13 on the first paragraph, $150 on the second paragraph, and $580 on the third paragraph, and that the total amount due on all the paragraphs was $1,170.13. Judgment was rendered accordingly. At the same term the defendant paid the amount found to be due on the first two paragraphs of the complaint and filed its verified motion to set aside the judgment as to the amount found due on the third paragraph of the complaint. The averments of the motion, so far as necessary to an understanding of the matter, are in substance as follows:

"That after service of the summons and before the return day, the defendant took steps through the law firm at Indianapolis, as defendant then understood, to employ the law firm of Mead & Hottel at Salem, Indiana, to appear for the defendant; that the defendant understood through said Indianapolis firm that the firm of Mead & Hottel would take full charge of the defense and do all things necessary and needful to protect the defendant's rights therein; that the defendant relied upon the firm of Mead & Hottel to enter its appearance and to inform the defendant when an answer must be filed; that the defendant had no notice that it was not being represented by Mead & Hottel until after the judgment had been rendered.

"That Frank K. Sawyer, a director of the defendant company, who had control of the case, was suddenly taken ill and was confined to his bed during the time the case was pending, whereby the president of the company was unable to be fully informed as to what was transpiring in the case; that the president had no knowledge that an answer had not been filed or that the court had made a rule to answer, and was unable to take any steps in the case until the recovery of the said director; that upon the recovery of said director the president was informed that judgment had been rendered on default, and thereupon the president with counsel from Indianapolis repaired to Salem where they learned that Mead & Hottel had not entered their appearance in the case, all of which was caused solely through misunderstanding."

The motion then recites that the defendant has paid the amount found due on the first two paragraphs; that, as to the third paragraph, the plaintiff has rendered some service to the defendant, the amount of which has not been fully determined; that the plaintiff agreed to accept a certificate of stock of the defendant company as compensation for his services; that the defendant is ready and willing to deliver said stock to the plaintiff as soon as the amount of his services has been determined.

The motion to set aside the judgment was overruled, and that action of the court is the only error assigned.

Dausman, P. J.—(After making the foregoing statements) That the facts stated in the motion are insufficient to warrant this court in disturbing the ruling of the trial court thereon, is too obvious to justify a discussion.

Judgment affirmed.